UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF CALIFORNIA

OFFICE OF THE CLERK
2500 Tulare Street
Fresno, CA 93721

FILED
JAN 30 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

Clerk, USDC, Southern District of CA
880 Front Street
San Diego, CA 92101

**RE:** **LUIS FITA MERCADO vs. JAMES WALKER**
**USDC No.:** **1:08-CV-00113-LJO-TAG**

Dear Clerk,

Pursuant to the order transferring the above captioned case to your court, dated January 28, 2008 , transmitted herewith are the following documents.

**Electronic Documents: 1 to 4.**

Documents maintained electronically by the district court are accessible through PACER for the Eastern District of California at **https://ecf.caed.uscourts.gov**.

Please acknowledge receipt on the extra copy of this letter and return to the Clerk's Office.

Very truly yours,

**January 28, 2008** /s/ **C. Esteves**

Deputy Clerk

RECEIVED BY:

Please Print Name

DATE RECEIVED:

NEW CASE NUMBER: '08 CV 0209 IEG CAB

I hereby attest and certify on 1-28-08 that the foregoing document is a full, true and correct copy of the original on file in my office and in my legal custody.
VICTORIA C. MINOR
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
By ________ Deputy

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUIS FITA MERCADO,

Petitioner,

vs.

JAMES WALKER,

Respondent.

_____________________________/

1:08-cv-00113-LJO-TAG (HC)

ORDER OF TRANSFER

Petitioner, a state prisoner proceeding pro se, has filed a habeas corpus action pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

The federal habeas statute provides that a habeas corpus application made "by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts...may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such districts shall have concurrent jurisdiction to entertain the application." 28 U.S.C. § 2241(d). The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). In the interest of justice, a federal court

may transfer a case filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

In this case, the original transfer order from the United States District Court for the Central District of California was premised in part upon a determination that Petitioner's conviction was from Kern County, which is in the Eastern District of California. However, further review of the petition discloses that Petitioner is in fact challenging a State conviction from San Diego County, which is in the Southern District of California. In this case, because Petitioner's conviction was in San Diego County, the petition should have been filed in the United States District Court for the Southern District of California. In this instance, venue in the Southern District of California is also in accord with the general practice in California wherein federal habeas petitions challenging State convictions are transferred to the district where the petitioner was convicted. Accordingly, the Court will transfer this action to the United States District Court for the Southern District of California.

Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Southern District of California.

IT IS SO ORDERED.

Dated: **January 25, 2008**

**/s/ Theresa A. Goldner**
UNITED STATES MAGISTRATE JUDGE

CLOSED, HABEAS

**U.S. District Court**
**Eastern District of California - Live System (Fresno)**
**CIVIL DOCKET FOR CASE #: 1:08-cv-00113-LJO-TAG**
**Internal Use Only**

COPY

(HC) Mercado v. Walker
Assigned to: District Judge Lawrence J. O'Neill
Referred to: Magistrate Judge Theresa A. Goldner
Cause: 28:2254 Petition for Writ of Habeas Corpus (State)

Date Filed: 01/23/2008
Date Terminated: 01/28/2008
Jury Demand: None
Nature of Suit: 530 Habeas Corpus (General)
Jurisdiction: Federal Question

**Petitioner**

**Luis Fita Mercado** represented by **Luis Fita Mercado**
V68053
P.O. Box 71
Represa, CA 95671
PRO SE

V.

**Respondent**

**James Walker**

I hereby attest and certify on 1-28-08 that the foregoing document is a full, true and correct copy of the original on file in my office and in my legal custody.
VICTORIA C. MINOR
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
By C. Esteves Deputy

| Date Filed | # | Docket Text |
|---|---|---|
| 01/28/2008 | 5 | TRANSMITTAL of DOCUMENTS on *1/28/2008* to * Clerk, USDC, Southern District of CA* *880 Front Street* *San Diego, CA 92101*. ** *Electronic Documents: 1 to 4. *. (Esteves, C) (Entered: 01/28/2008) |
| 01/28/2008 | | SERVICE BY MAIL: 4 Order served on Luis Fita Mercado. (Esteves, C) (Entered: 01/28/2008) |
| 01/28/2008 | 4 | ORDER, CASE TRANSFERRED to District of CA/Southern signed by Magistrate Judge Theresa A. Goldner on 1/25/2008. Original file, certified copy of transfer order, and docket sheet sent. CASE CLOSED. (Esteves, C) (Entered: 01/28/2008) |
| 01/24/2008 | | (Court only) ***STAFF NOTE: Case screened: filing fee paid in Central District; order to transfer case to Southern district submitted to TAG/ds. (Esteves, C) (Entered: 01/24/2008) |
| 01/24/2008 | | SERVICE BY MAIL: 3 Prisoner New Case Documents for LJO served on Luis Fita Mercado. (Esteves, C) (Entered: 01/24/2008) |
| 01/24/2008 | 3 | PRISONER NEW CASE DOCUMENTS ISSUED; (Attachments: # 1 |

| | | |
|---|---|---|
| | | Consent Forms) (Esteves, C) (Entered: 01/24/2008) |
| 01/23/2008 | 2 | (2254) PETITION for WRIT of HABEAS CORPUS by Luis Fita Mercado. (Esteves, C) (Entered: 01/24/2008) |
| 01/23/2008 | 1 | CASE TRANSFERRED IN from District of CA/Central; Case Number CV 07-08357 SGL (RC). Original file with documents numbered 1-3, certified copy of transfer order and docket sheet received.(Esteves, C) (Entered: 01/24/2008) |



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION
312 North Spring Street, Room G-8
Los Angeles, CA 90012
Tel: (213) 894-3535

SOUTHERN DIVISION
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4750

EASTERN DIVISION
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

SHERRI R. CARTER
District Court Executive and
Clerk of Court

JAN 23 2008

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY DEPUTY CLERK

January 15, 2008

1:08 CV 00113 LJO TAG HC

Clerk, United States District Court
Eastern District of California
501 I Street, Suite 4-200
Sacramento, CA 95814

Re: Transfer of our Civil Case No. CV 07-08357 SGL (RC)

Case Title: Luis Fita Mercado vs. James Walker

Dear Sir/Madam:

An order having been made transferring the above-numbered case to your district, we are transmitting herewith our entire original file in the action, together with certified copies of the order and the docket. Please acknowledge receipt of same and indicate below the case number you have assigned to this matter on the enclosed copy of this letter and return it to our office. Thank you for your cooperation.

Very truly yours,

Clerk, U.S. District Court

By PATRICIA M. CLARKE
Deputy Clerk

cc: All counsel of record

---

**TO BE COMPLETED BY RECEIVING DISTRICT**

Receipt is acknowledged of the documents described herein and we have assigned this matter case number CV: ______________________.

Clerk, U.S. District Court

By ______________________
Deputy Clerk



Priority ✓
Send ✓
Enter ✓
Closed ✓
JS-5/JS-6
JS-2/JS-3
Scan Only

FILED
CLERK, U.S. DISTRICT COURT
JAN 10 2008
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS FITA MERCADO, Petitioner, vs. JAMES WALKER, Respondent. | Case No. CV 07-8357-SGL(RC) ORDER TRANSFERRING ACTION TO EASTERN DISTRICT OF CALIFORNIA |

On December 27, 2007, petitioner Luis Fita Mercado, a state inmate proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction and sentence in Kern County Superior Court case no. SCN177981. See Petition at 2; Attached Opening Brief. The petitioner is confined in either the California State Prison in Represa, California, see Petition at 1, or the Deuel Vocational Institute in Tracy, California, see Petition at 2, both of which are in the Eastern District of California.

**DISCUSSION**

Federal district courts are limited to granting habeas relief "within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241(d) of Title 28, United States Code, provides that a habeas corpus petition "by a person in custody under the judgment and

sentence of a State court of a State which contains two or more Federal judicial districts . . . may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such districts shall have concurrent jurisdiction to entertain the application." Here, there is no jurisdiction in this district court to entertain petitioner's habeas corpus petition under Section 2254 because petitioner is not in custody in this judicial district nor was petitioner convicted in a state court in this judicial district. Rather, petitioner is in custody in the Eastern District of California and petitioner was convicted in the Kern County Superior Court, which is also in the Eastern District of California. Accordingly, this matter should be transferred to the Eastern District of California, where petitioner is confined.

**IT IS ORDERED** that the Clerk of this Court transfer this matter to the United States District Court for the Eastern District of California.

**IT IS FURTHER ORDERED** that the Clerk of this Court serve a copy of this Order upon petitioner and upon the California Attorney General.

DATE: 1-10-08

S. G. Larson
STEPHEN G. LARSON
UNITED STATES DISTRICT JUDGE

PRESENTED BY:
DATE: Jan. 7, 2008

Rosalyn M. Chapman
ROSALYN M. CHAPMAN
UNITED STATES MAGISTRATE JUDGE

CASE078\07-8357.1 - 1/7/08

I hereby attest and certify on 1-15-08 that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
Patricia Clark
DEPUTY CLERK

194, CLOSED

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## (Western Division - Los Angeles)
## CIVIL DOCKET FOR CASE #: 2:07-cv-08357-SGL-RC

Luis Mercado v. James Walker
Assigned to: Judge Stephen G. Larson
Referred to: Magistrate Judge Rosalyn M. Chapman
Cause: 28:2254 Petition for Writ of Habeas Corpus (State)

Date Filed: 12/27/2007
Date Terminated: 01/15/2008
Jury Demand: None
Nature of Suit: 530 Habeas Corpus (General)
Jurisdiction: Federal Question

**Petitioner**

**Luis Fita Mercado**

represented by **Luis Fita Mercado**
CDC V-68053
P O Box 71
Represa, CA 95671
PRO SE

V.

**Respondent**

**James Walker**

| Date Filed | # | Docket Text |
|---|---|---|
| 12/27/2007 | 1 | PETITION for Writ of Habeas Corpus by a Person In State Custody (28:2254) Case assigned to Judge Stephen G. Larson and referred to Magistrate Judge Rosalyn M. Chapman. (Filing fee $ 5 FEE PAID.), filed by petitioner Luis Fita Mercado.(ghap) (Entered: 01/04/2008) |
| 12/28/2007 | 2 | NOTICE OF REFERENCE TO A U.S. MAGISTRATE JUDGE. Pursuant to the provisions of the Local Rules, the within action has been assigned to the calendar of Judge Stephen G. Larson and referred to Magistrate Judge Rosalyn M. Chapman to consider preliminary matters and conduct all further matters as appropriate. The Court must be notified within 15 days of any change of address. (ghap) (Entered: 01/04/2008) |
| 01/15/2008 | 3 | ORDER TRANSFERRING ACTION TO Eastern District of California by Judge Stephen G. Larson: IT IS ORDERED that the Clerk of this Court transfer this matter to the United States District Court for the Eastern District of California. IT IS FURTHER ORDERED that the Clerk of this Court serve a copy of this Order upon petitioner and upon the California Attorney General. (See document for further details.) (MD JS-6. Case Terminated.) (Attachments: # 1 Transmittal Letter) (pcl) (Entered: 01/15/2008) |

| | | |
|---|---|---|
| 01/15/2008 | | TRANSMITTAL of documents: all original documents except Order of Transfer which is retained; cc copy of Order, docket sheet and letter of transfer. (pcl) (Entered: 01/15/2008) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 01/15/2008 10:22:11 | | | |
| **PACER Login:** | us3877 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:07-cv-08357-SGL-RC |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

I hereby attest and certify on 1-15-08 that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
Patricia Clark
DEPUTY CLERK

SEAL OF THE U.S. DISTRICT COURT CENTRAL DIST. OF CALIFORNIA

1177



FILED
CLERK, U.S. DISTRICT COURT
DEC 28 2007
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | CASE NUMBER |
|---|---|
| LUIS FITA MERCADO<br>PLAINTIFF(S)<br>V.<br>JAMES WALKER<br>DEFENDANT(S) | **CV07- 8357 SGL (RC)**<br>**NOTICE OF REFERENCE TO A UNITED STATES MAGISTRATE JUDGE (Petition for Writ of Habeas Corpus)** |

Pursuant to General Order 07-02, the within action has been assigned to the calendar of the Honorable Stephen G. Larson, U.S. District Judge. Pursuant to General Order 05-07, the within action is referred to U.S. Magistrate Judge Rosalyn M. Chapman, who is authorized to consider preliminary matters and conduct all further hearings as may be appropriate or necessary. Thereafter, unless the Magistrate Judge determines that an evidentiary hearing is required, the Magistrate Judge shall prepare a report and recommendation and file it with the Clerk of the Court which may include proposed findings of fact and conclusions of law where necessary or appropriate, and may include a proposed written order or judgment, which shall be mailed to the parties for objections.

Pleadings and all other matters to be called to the Magistrate Judge's attention shall be formally submitted through the Clerk of the Court.

The Court must be notified within fifteen (15) days of any address change. If mail directed by the clerk to your address of record is returned undelivered by the Post Office, and if the Court and opposing counsel are not notified in writing within fifteen (15) days thereafter of your current address, the Court may dismiss the petition with or without prejudice for want of prosecution.

Clerk, U.S. District Court

December 27, 2007
Date

By SANTHONY
Deputy Clerk

DOCKETED ON CM
JAN - 4 2008
BY 032

2



SHERRI R. CARTER
District Court Executive
and Clerk of Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION
312 North Spring Street, Room G-8 Los Angeles, CA 90012
Tel: (213) 894-7984

SOUTHERN DIVISION
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4570

EASTERN DIVISION
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

Thursday, December 27, 2007

**LUIS MERCADO**
**V68053**
**PO BOX 71**
**REPRESA, CA 95671**

Dear Sir/Madam:

A [X] Petition for Writ of Habeas Corpus was filed today on your behalf and assigned civil case number CV07- 8357 SGL (RC)

A [ ] Motion pursuant to Title 28, United States Code, Section 2255, was filed today in criminal case number ______ and also assigned the civil case number ______

Please refer to these case numbers in all future communications.

Please Address all correspondence to the attention of the Courtroom Deputy for:

[ ] District Court Judge ______________________

[X] Magistrate Judge **Rosalyn M. Chapman**

at the following address:

[X] U.S. District Court
312 N. Spring Street
Civil Section, Room G-8
Los Angeles, CA 90012

[ ] Ronald Reagan Federal
Building and U.S. Courthouse
411 West Fourth St., Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4750

[ ] U.S. District Court
3470 Twelfth Street
Room 134
Riverside, CA 92501

The Court must be notified within fifteen (15) days of any address change. If mail directed to your address of record is returned undelivered by the Post Office, and if the Court and opposing counsel are not notified in writing within fifteen (15) days thereafter of your current address, the Court may dismiss the case with or without prejudice for want of prosecution.

Very truly yours,

Clerk, U.S. District Court

By: SANTHONY
Deputy Clerk

Fee Paid

NAME Luis Mercado

PRISON IDENTIFICATION/BOOKING NO. V68053

ADDRESS OR PLACE OF CONFINEMENT Represa, Ca. 95671

Note: It is your responsibility to notify the Clerk of Court in writing of any change of address. If represented by an attorney, provide his name, address, telephone and facsimile numbers, and e-mail address.

FILED CLERK, U.S. DISTRICT COURT DEC 27 2007 CENTRAL DISTRICT OF CALIFORNIA BY DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Luis Mercado Middle Fitor
FULL NAME (*Include name under which you were convicted*)

Petitioner,

v.

James Walker
NAME OF WARDEN, SUPERINTENDENT, JAILOR OR AUTHORIZED PERSON HAVING CUSTODY OF PETITIONER

Respondent.

CASE NUMBER:
CV 07 8357 SGL (RC)
To be supplied by the Clerk of the United States District Court
1:08 CV 00113 LJO TAG HC

☐ ______________ AMENDED

**PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**
28 U.S.C. § 2254

PLACE/COUNTY OF CONVICTION ______________
PREVIOUSLY FILED, RELATED CASES IN THIS DISTRICT COURT
(*List by case number*)
CV ______________
CV ______________

**INSTRUCTIONS - PLEASE READ CAREFULLY**

1. To use this form, you must be a person who either is currently serving a sentence under a judgment against you in a California state court, or will be serving a sentence in the future under a judgment against you in a California state court. You are asking for relief from the conviction and/or the sentence. This form is your petition for relief.
2. In this petition, you may challenge the judgment entered by only one California state court. If you want to challenge the judgment entered by a different California state court, you must file a separate petition.
3. Make sure the form is typed or neatly handwritten. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.
4. Answer all the questions. You do not need to cite case law, but you do need to state the federal legal theory and operative facts in support of each ground. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a legal brief or arguments, you may attach a separate memorandum.
5. You must include in this petition all the grounds for relief from the conviction and/or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.
5. You must pay a fee of $5.00. If the fee is paid, your petition will be filed. If you cannot afford the fee, you may ask to proceed *in forma pauperis* (as a poor person). To do that, you must fill out and sign the declaration of the last two pages of the form. Also, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account at the institution. If your prison account exceeds $25.00, you must pay the filing fee.
6. When you have completed the form, send the original and two copies to the following address:

Clerk of the United States District Court for the Central District of California
United States Courthouse
ATTN: Intake/Docket Section
312 North Spring Street
Los Angeles, California 90012

DOCKETED ON CM JAN - 4 2008 BY 032

PLEASE COMPLETE THE FOLLOWING: (*Check appropriate number*)

This petition concerns:
1. ☒ a conviction and/or sentence.
2. ☐ prison discipline.
3. ☐ a parole problem.
4. ☐ other.

**PETITION**

1. Venue
   a. Place of detention D.V.I. Tracy, Ca 95378 P.O. Box 600 #V68553
   b. Place of conviction and sentence Vista, court House 92084

2. Conviction on which the petition is based *(a separate petition must be filed for each conviction being attacked).*
   a. Nature of offenses involved *(include all counts)*: Count 1, pc 664 187(A), PC 12022.53 (C) and (E) 1 Count 2 (Sic) pc 186.22(b)(1) pc 664/187(A) (with 2 strikes) (different count)
   b. Penal or other code section or sections: ______
   c. Case number: SCN177981
   d. Date of conviction: 11/10/2004
   e. Date of sentence: 4/26/2005
   f. Length of sentence on each count: Total would be 7 years count 1 and 20 yrs consecutive and 1/3 of count 2 (Sic) is 2, 4 yrs for (with 2 strikes) a total of 29 yrs 4m.
   g. Plea *(check one)*:
      ☐ Not guilty
      ☒ Guilty
      ☐ Nolo contendere
   h. Kind of trial *(check one)*:
      ☐ Jury
      ☐ Judge only

3. Did you appeal to the California Court of Appeal from the judgment of conviction? ☒ Yes ☐ No

   If so, give the following information for your appeal *(and attach a copy of the Court of Appeal decision if available)*:
   a. Case number: ______
   b. Grounds raised *(list each)*:
      (1) Whether the trial Court erred in denying me

(Continued here) I didn't Know my rights at the time so I signed not Knowing my rights after my 2 Co-defendants signed the deal. Now Sir or Madame if you would please read between the lines I acted under mistake.

(2) My right to a trial. They did deny me my right to a trial
(3) because of day one of trial I was dressed up and my attorney
(4) with my co-defendants and their attorneys were put into
(5) a surprise meeting for all of us to take a deal that I didn't
(6) want to take, my attorney said if one signed we all have to sign.

c. Date of decision: (Continued) on next page

d. Result

4. If you did appeal, did you also file a Petition for Review with the California Supreme Court of the Court of Appeal decision? ☒ Yes ☐ No

If so give the following information *(and attach copies of the Petition for Review and the Supreme Court ruling if available)*:

a. Case number: N/A

b. Grounds raised *(list each)*:

(1) Same grounds as the appeal court.
(2)
(3)
(4)
(5)
(6)

c. Date of decision: N/A

d. Result Denied

5. If you did not appeal:

a. State your reasons N/A

b. Did you seek permission to file a late appeal? ☐ Yes ☒ No

6. Have you previously filed any habeas petitions in any state court with respect to this judgment of conviction?

☐ Yes ☒ No

If so, give the following information for each such petition *(use additional pages if necessary, and attach copies of the petitions and the rulings on the petitions if available)*:

a. (1) Name of court: N/A

(2) Case number: N/A

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: ______

(4) Grounds raised *(list each)*:

(a) N/A

(b) Same as Above

(c) ______

(d) ______

(e) ______

(f) ______

(5) Date of decision: ______

(6) Result ______

(7) Was an evidentiary hearing held? ☐ Yes ☑ No

b. (1) Name of court: N/A

(2) Case number: N/A

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: ______

(4) Grounds raised *(list each)*:

(a) N/A

(b) Same as Above

(c) ______

(d) ______

(e) ______

(f) ______

(5) Date of decision: N/A

(6) Result N/A

(7) Was an evidentiary hearing held? ☐ Yes ☑ No

c. (1) Name of court: N/A

(2) Case number: N/A

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: ______

(4) Grounds raised *(list each)*:

(a) N/A

(b) N/A

(c) N/A

(d) Same as Above

(e)

(f)

(5) Date of decision:

(6) Result

(7) Was an evidentiary hearing held? ☐ Yes ☑ No

7. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than five grounds. Summarize briefly the facts supporting each ground. For example, if you are claiming ineffective assistance of counsel, you must state facts specifically setting forth what your attorney did or failed to do.

**CAUTION:** *Exhaustion Requirement:* In order to proceed in federal court, you must ordinarily first exhaust your state court remedies with respect to each ground on which you are requesting relief from the federal court. This means that, prior to seeking relief from the federal court, you first must present all of your grounds to the California Supreme Court.

a. Ground one: Whether the trial court violated my rights to a trial.

(1) Supporting FACTS: My rights were violated because my attorney and my co-defendants attorney with my co-defendants and myself were put into a meeting that wasn't suppose to happen on day 1 of trial. I was deceived and/or coerced and acted by mistake to take a pleabargain deal.

(2) Did you raise this claim on direct appeal to the California Court of Appeal? ☑ Yes ☐ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court? ☑ Yes ☐ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court? ☐ Yes ☑ No

b. Ground two:

(1) Supporting FACTS:

(2) Did you raise this claim on direct appeal to the California Court of Appeal? ☐ Yes ☐ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court? ☐ Yes ☐ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court? ☐ Yes ☑ No

c. Ground three: N/A

(1) Supporting FACTS:

(2) Did you raise this claim on direct appeal to the California Court of Appeal? ☐ Yes ☑ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court? ☐ Yes ☑ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court? ☐ Yes ☑ No

d. Ground four: N/A

(1) Supporting FACTS:

(2) Did you raise this claim on direct appeal to the California Court of Appeal? ☐ Yes ☑ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court? ☐ Yes ☑ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court? ☐ Yes ☑ No

e. Ground five: N/A

(1) Supporting FACTS: N/A

(2) Did you raise this claim on direct appeal to the California Court of Appeal? ☐ Yes ☑ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court? ☐ Yes ☑ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court? ☐ Yes ☑ No

8. If any of the grounds listed in paragraph 7 were not previously presented to the California Supreme Court, state briefly which grounds were not presented, and give your reasons: N/A

9. Have you previously filed any habeas petitions in any federal court with respect to this judgment of conviction?

☐ Yes ☒ No

If so, give the following information for each such petition *(use additional pages if necessary, and attach copies of the petitions and the rulings on the petitions if available)*:

a. (1) Name of court: N/A

(2) Case number: N/A

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: N/A

(4) Grounds raised *(list each)*:

(a) N/A to ALL

(b)

(c)

(d)

(e)

(f)

(5) Date of decision: N/A

(6) Result N/A

(7) Was an evidentiary hearing held? ☐ Yes ☒ No

b. (1) Name of court: N/A

(2) Case number: N/A

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*:

(4) Grounds raised *(list each)*:

(a) Same as Above

(b)

(c)

(d)

(e)

(f)

(5) Date of decision: Same as Above

(6) Result

(7) Was an evidentiary hearing held? ☐ Yes ☒ No

10. Do you have any petitions now pending (i.e., filed but not yet decided) in any state or federal court with respect to this judgment of conviction? ☐ Yes ☒ No

If so, give the following information *(and attach a copy of the petition if available)*:

(1) Name of court: N/A

(2) Case number: N/A

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: ______

(4) Grounds raised *(list each)*:

(a) N/A

(b) ______

(c) ______

(d) ______

(e) ______

(f) ______

11. Are you presently represented by counsel? ☐ Yes ☒ No

If so, provide name, address and telephone number: N/A

WHEREFORE, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding,

______
*Signature of Attorney (if any)*

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on 9-8-07
*Date*

Luis Mercado #V68053
*Signature of Petitioner*

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT, DIVISION ONE

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA, | ) | D046545 |
| Plaintiff and Respondent, | ) | (Superior Court No. SCN177981) |
| v. | ) | |
| LUIS F. MERCADO and ANTHONY PENDER. | ) | |
| Defendants and Appellants. | ) | |

Appeal From the Superior Court of Kern County

Honorable Timothy Casserly, Judge
Honorable K. Michael Kirkman, Judge

---

APPELLANT MERCADO'S OPENING BRIEF

---

RUSSELL S. BABCOCK
California State Bar No. 99130
Certified Specialist, Criminal Law
State Bar of California Board of Legal Specialization
LAW OFFICES OF RUSSELL S. BABCOCK
1400 Sixth Avenue, Ste. 210B
San Diego, California 92101
(619) 531-0887
Attorneys for Appellant MERCADO
By Appointment of the Court
Under the Appellate Defenders, Inc.,
Independent Case Program



# TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

STATEMENT OF APPEALABILITY . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

THE TRIAL COURT ERRED IN DENYING APPELLANT'S REQUEST TO WITHDRAW HIS GUILTY PLEA BECAUSE THE PLEA WAS COERCED AND INVOLUNTARY . . . . . . . . . . . . . . 9

A. Procedural And Factual Background . . . . . . . . . . . . . . . . . . . 9

1. Appellant's Guilty Plea . . . . . . . . . . . . . . . . . . . . . . . . 9

2. Appellant's Motion To Withdraw His Guilty Plea . . 10

a. Defense Testimony . . . . . . . . . . . . . . . . . . . . 10

b. Prosecution Testimony . . . . . . . . . . . . . . . . . 12

3. The Trial Court's Ruling . . . . . . . . . . . . . . . . . . . . . 16

B. A Defendant May Withdraw His Plea Of Guilty Upon A Showing Of Good Cause . . . . . . . . . . . . . . . . . . . . . . . . . . 17

C. Appellant Demonstrated Good Cause For Withdrawal Of His Guilty Plea And The Trial Court's Denial Was An Abuse Of Discretion That Deprived Appellant Of His Most Fundamental Constitutional Rights . . . . . . . . . . . . . . . . . . . 19

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

# TABLE OF AUTHORITIES

Page

CASES

*Hill v. Lockhart*
(1985) 474 U.S. 52 [106 S.Ct. 366, 88 L.Ed.2d 203] ........... 18

*In re Ibarra*
(1983) 34 Cal.3d 277 ............................. 21-23

*In re Vargas*
(2000) 83 Cal.App.4th 1125 ............................. 18

*Mendieta v. Municipal Court*
(1980) 109 Cal.App.3d 290 ............................. 19

*People v. Cahill*
(1993) 5 Cal.4th 478 ............................. 20

*People v. Castaneda*
(1995) 37 Cal.App.4th 1612 ............................. 18

*People v. Collins*
(2001) 26 Cal.4th 297 ............................. 19

*People v. Cruz*
(1974) 12 Cal.3d 562 ............................. 18

*People v. Howard*
(1992) 1 Cal.4th 1132 ............................. 22

*People v. Huricks*
(1995) 32 Cal.App.4th 1201 ............................. 18

*People v. McDonough*
(1961) 198 Cal.App 2d 84 ............................. 19

*People v. Nance*
(1991) 1 Cal.App.4th 1453 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*People v. Quesada*
(1991) 230 Cal.App.3d 525 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*People v. Sandoval*
(June 7, 2006) ___ Cal.App.4th ___, 2006 WL 1545065 . . . . . 21-23

*People v. Wadkins*
(1965) 63 Cal.2d 110 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*People v. Waters*
(1975) 52 Cal.App.3d 323 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*People v. Weaver*
(2004) 118 Cal.App.4th 131 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Waley v. Johnston*
(1942) 316 U.S. 101 [62 S.Ct. 964, 86L.Ed. 1302] . . . . . . . . . . . . 20

**STATUTES**

Penal Code section 186.22, subdivision (b)(1) . . . . . . . . . . . . . . . . . . . . . . 3

Penal Code section 187, subdivision (a) . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Penal Code section 245, subdivision (a) . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Penal Code section 245, subdivision (b) . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Penal Code section 246 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Penal Code section 664 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Penal Code section 1018 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 19

Penal Code section 12022.53, subdivisions (c) and (e)(1) . . . . . . . . . . . . . . 3

Penal Code section 1237.5 .......................................... 1

Welfare and Institutions Code section 707, subdivision (d)(4) .......... 3

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT, DIVISION ONE

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>LUIS F. MERCADO and ANTHONY PENDER.<br><br>Defendants and Appellants. | D046545<br><br>(Superior Court No. SCN177981) |

Appeal From the Superior Court of Kern County

Honorable Timothy Casserly, Judge
Honorable K. Michael Kirkman, Judge

APPELLANT'S OPENING BRIEF

**STATEMENT OF APPEALABILITY**

This appeal is from a final judgment following a guilty plea, and with the trial court's execution of a certificate for probable cause is authorized by Penal Code section 1237.5.



## STATEMENT OF THE CASE

On May 17, 2004, appellant Luis Mercado, along with co-appellant Anthony Pender and Jacob Taele, was charged with 10 counts of attempted murder, in violation of Penal Code sections 664 and 187, subdivision (a). (Counts 1-10.) The three defendants were also charged with 10 counts of assault with a semi-automatic firearm, in violation of Penal Code section 245, subdivision (b) (Counts 11-20), and two counts of shooting at an inhabited dwelling house, in violation of Penal Code section 246 (Counts 21-22). (CT 1-21[1].)

Appellant and Anthony Pender were additionally charged with carjacking, in violation of Penal Code section 215, subdivision (a) (Count 23), and five counts of assault with a firearm, in violation of Penal Code section 245, subdivision (a) (Counts 24-28). (CT 6, 21-23.) Each of the charges included an allegation that the offense was committed for the benefit of, at the direction of, and in association with a criminal street gang with the specific intent to promote, further, and assist in criminal conduct

[1] The record on appeal consists of a single Clerk's Transcript that will be cited as "CT," and followed by the relevant page number, two volumes of Reporter's Transcripts that will be cited as "RT," preceded by the volume number, and a single Reporter's Transcript of the preliminary hearing, that will be cited as "PRT."

by gang members within the meaning of Penal Code section 186.22, subdivision (b)(1). The attempted murder charges also included an allegation that at least one person personally discharged a firearm within the meaning of Penal Code section 12022.53, subdivisions (c) and (e)(1). (CT 1-23.)

Also on May 17, 2004, the trial court found that appellant, who was 16 years old at the time of the offense, came within the provisions of Welfare and Institutions Code section 707, subdivision (d)(4). (CT 142.)

On November 10, 2004, appellant pleaded guilty to two counts of attempted murder (counts 1 and 6), and admitted allegations pursuant to section 12022.53 and 186.22 as to Count One. Appellant agreed to a stipulated sentence of 29 years, four months. (CT 96-98, 149.)

On February 15, 2005, attorney Ronald Brahms was relieved, and attorney Peter Liss became appellant's attorney of record. (CT 151.) On April 4, 2005, appellant filed a motion to withdraw his guilty plea. (CT 109-116.) The motion was heard and denied on April 14, and denied on April 26, 2005. (CT 153, 154.)

Appellant was thereafter sentenced to a term of 7 years on Count One, plus 20 years pursuant to the section 12022.53, subdivision (c) & (e)(1). A term of 2 years, 4 months was imposed for Count Six, to be

served consecut████ to the term for Count One.  Appellan████ aggregate term

of imprisonment is 29 years, 4 months.  (CT 154.)

Appellant filed a notice of appeal and request for certificate of

probable cause on June 9, 2005. (CT 134-135.)  The trial court granted

appellant's request and a certificate of probable cause issued on June 14,

2005.  (CT 136.)

## STATEMENT OF FACTS[2]

On the evening of March 27, 2004, Carlos Morales and four other men were working at the Viejo Mexico restaurant in Oceanside. After the restaurant was closed, two men entered the restaurant and demanded keys to Morales's white Chevy Tahoe, which was parked outside. One of the men was armed with a shotgun. Morales gave the keys to the man holding the shotgun, and the men left in Morales's vehicle. (PRT 61-66, 69.)

Co-appellant Pender later admitted to a police officer that he was the individual holding the shotgun during the incident in the restaurant. (PRT 67-68.) Pender identified the second suspect as "Luis." (PRT 68-71.) Pender told the officer he and Luis picked up another person, "Jay Hound," and went on a shooting spree. (PRT 71.)

Shortly before midnight, Cynthia Kent, her children Jenia, Xavier, and Nathan, and their father Roy Montgomery, were all inside Kent's home on Edgewood Drive in the city of Oceanside. (PRT 3.) The family heard a number of shots fired from outside the house. Kent testified there was damage from bullets throughout her house, including broken windows and

[2] The Statement of Facts is based upon evidence presented at the preliminary hearing.



holes in her bed and pillows where she had been sleeping. (PRT 4-6.) 31 shell casings and bullet fragments were found on the street in front of Kent's home. (PRT 13.) The outside of the garage was hit at least four times with bullets, the living room was damaged by at least 12 bullets, and the bedroom was damaged by at least four bullets. (PRT 14.)

Approximately one-half hour later, early in the morning on March 28, Victor Delgado was awoken by shots fired outside his house on Point Sur in Oceanside.. Delgado's wife, sons Mark and Vincent, and Mark's girlfriend were also in the house. (PRT 23-24.) Delgado called 911 and looked out the front door. He saw someone crouched behind a bush with a handgun and shut the door. (PRT 24-25.) Delgado identified co-appellant Pender in court as the person crouching behind the bush. (PRT 28.) He later discovered 6 to 12 bullet holes through the garage, broken windows, and holes out the back of the house where some shots went completely through the house. (PRT 25.) 16 expended shell casings were found in the street. (PRT 46.)

Lee Blackmore was playing pool in his brother-in-law's garage on Point Sur when he heard the gunshots. (PRT 35-36.) He looked out the window and saw an S.U.V. driving past. Blackwell saw someone in the S.U.V. was firing a rifle out the back. (PRT 35-37.)



Blackwell's brother-in-law, Dan Jenelle, and a friend, Chris Gordon, went after the S.U.V in a truck. They found the S.U.V.stopped next to a green van. One of the people in the S.U.V. got out and walked toward them. He was carrying a handgun. Blackwell backed up his truck and left the area. (PRT 38, 93-94.) Gordon said he grew up in the neighborhood and recognized Taele and co-appellant Pender. Pender was the person carrying the gun. (PRT 94-95.)

Law enforcement received calls that a white Chevy Tahoe had been seen in relation to the shooting at the Kent house, and then again at the Delgado house 45 minutes later. A green mini van was also seen as being involved in the Delgado shooting. (PRT 78.) Officer Clint Bussey saw both vehicles "driving in tandem" as he patrolled around an area known for gang activity. (PRT 79.) As he turned to pursue the vehicles, both the suspect vehicles sped away. Bussey followed the Tahoe because he was told that was the vehicle from which the shots had been fired. (PRT 79-80.) When two other police vehicles joined the chase, the Tahoe stopped in the middle of an intersection. Officers approached with guns drawn, and co-defendant Taele got out and ran away. (PRT 80.) One officer with a dog ordered the dog to chase Taele. (PRT 81.) Appellant Mercado got out next and attempted to run, but was quickly apprehended by Officer Bussey.



(PRT 81-82.)  Co-appellant Pender also ran, but was caught by other officers.  (PRT 83-84.)  The Chevy Tahoe was the same vehicle that had been stolen from Carlos Morales.  (PRT 84-85.)

The parties stipulated that Deep Valley Blood was a criminal street gang within the meaning of Penal Code section 186.22, subdivision (b). (PRT 49.)  An officer testified that residents in both the Kent and Delgado households associated with the Deep Valley Crips, a rival gang.  (PRT 51-52, 92.)  Both houses were known to law enforcement as "Crip houses." (PRT 78.)

The parties also stipulated that two assault rifles were found in the S.U.V.  A total 31 shell casings were found at the scene of the Delgado shooting, and 16 were found at the scene of the Kent shooting.  Rounds were fired from both rifles at both locations.  (PRT 99-100.)

# ARGUMENT

## I

## THE TRIAL COURT ERRED IN DENYING APPELLANT'S REQUEST TO WITHDRAW HIS GUILTY PLEA BECAUSE THE PLEA WAS COERCED AND INVOLUNTARY

### A. Procedural And Factual Background

#### 1. Appellant's Guilty Plea

On November 10, 2004, appellant pleaded guilty to two counts of attempted murder (Counts One and Six), and as to Count One admitted the section 12022.53, subdivisions (c) and (e) and gang allegations. Each of the three co-defendants entered similar pleas, and agreed to a stipulated term of 29 years, four months. (2 RT 9-19.)

In response to the trial court's questioning, appellant acknowledged that he understood the consequences of his plea, including the requirement that he serve 85 percent of the imposed term, pay restitution, would have two "strike" prior convictions on his record, and would be required to register as a gang offender following his release. (2 RT 11-13.)

Appellant also answered in the affirmative that he understood his constitutional rights. (2 RT 13-16.) The parties stipulated that the preliminary hearing constituted a factual basis for the plea. (2 RT 17.) In



exchange for the plea, all remaining counts and allegations were dismissed. (2 RT 19.)

**2. Appellant's Motion To Withdraw His Guilty Plea**

On April 4th, 2005, appellant, with new counsel, filed a motion to withdraw his guilty plea. (CT 109-116.) The hearing was on April 14, and was joined by co-appellant Pender. (CT 200; 2 RT 22-117.)

a. Defense Testimony

Appellant, who turned 17 in February, 2005, testified at the hearing on his own behalf. He described a meeting with his codefendants and their lawyers on November 10, 2004, the day they each pleaded guilty. (2 RT 25.) Appellant said the meeting lasted approximately one-half hour, and the lawyers told the defendants they were going to take the plea bargain. (2 RT 26.) Appellant said there was "yelling, telling us we have to take this deal. It's a pack deal. If one sign, you all have to sign." (*Ibid.*) Appellant people in the room raised their voices, and everyone was talking at the same time. He was told he was going to lose, and to just take the deal. (2 RT 28-29.) Appellant said he yelled back, and said he wanted to go to trial. (2 RT 30.)

Appellant said he told the others he wanted to go to trial, and did not want to sign the plea bargain. But, appellant said, they were moved to a different room, and co-defendant Taele signed the paper. (*Ibid.*) Appellant



said again he wanted to go to trial, but the lawyer told him that because it was a "pack deal," he had to sign the paper because a co-defendant wanted to. (2 RT 26-27.) It was definitely appellant's understanding that if any one of the defendant's took the deal, then they all had to take it. (2 RT 37.)

Appellant said he did not know until after he signed the plea agreement that his conviction gave him two strikes. (2 RT 27.) He agreed he went into the courtroom after signing the paperwork and pleaded guilty, but he did not want to. He thought there was nothing he could do because he had already signed the paper. Appellant said he just answered the judge's questions the way the first person (Pender) did. (*Ibid.*) Three days later, appellant asked his mother to get in touch with his attorney because he wanted to withdraw the plea. (2 RT 28.) Appellant said that he was clear with his attorney throughout the process that he wanted to go to trial, and was not interested in a plea bargain. (2 RT 32-34.)

Co-appellant Pender also testified and said he told his attorney that 29 years was like a life sentence, and he wanted to go to trial. (2 RT 40.) Before the trial date, he said he had a three-way phone conversation with his attorney and co-defendant Taele's attorney, and was told his two co-defendants had already signed the plea bargain, and were waiting for him to sign it. (2 RT 40-41.) Pender said at the meeting with the defendants and



their attorneys, he and appellant both said they wanted to go to trial, but co-defendant Taele did not say anything. Pender would not describe the attorneys as "yelling," but said, "their lungs, they were really raised, their voices." (2 RT 41-42.)

Pender said the attorneys told them if they did not take the deal, they would go down in the history books of the Vista courthouse with the most time ever given, and would "never see daylight again." (2 RT 42.) Pender said he still wanted to go to trial, but they were told it was a package deal, and if one person signed, they all had to. (2 RT 42-43.) According to Pender, he and appellant were dressed for trial, but Taele was not. (2 RT 43.) Taele signed the paperwork when it was presented, and the lawyers said if one signed, they all had to sign. Pender felt like he had no choice, so he went along with it. (*Ibid.*)

b. Prosecution Testimony

Attorney Stephen Cline, counsel for co-defendant Taele, testified that he and the other lawyers worked on putting together a deal because they recognized the defendants were in a "very bad spot." At one point counsel for Pender offered to plead to an offense with a stipulated sentence of nine-years to life, but the offer was declined. (2 RT 53-54.)

The attorneys decided it would be a good idea to get all of their



clients together in the same room to discuss the prosecution's offer. (2 RT 54.) Cline acknowledged that going into the meeting, Taele was ready to accept a plea bargain. (2 RT 55.) Starting with Cline, the attorneys each explained why going to trial was not going to work. (2 RT 56.) Cline said Taele wanted to take the deal, and said that to the others repeatedly. But, according to Cline, Taele also said that if they wanted to go to trial, he would do so. (*Ibid.*)

Cline said appellant thought that it could not be proven he was present during the crimes, and Pender thought he could not be convicted of the shootings. He said there was no yelling, but it was a group discussion. Cline said appellant made his point very clearly that he wanted to go to trial, but there was eventually a consensus for each of the three to enter a plea. (2 RT 57-58.) Cline said there was an "inherent pressure," but he did not think anyone pleaded guilty because their arms were being twisted or they were forced to do so. (2 RT 58.)

According to Cline, appellant was the "one hold out," who clearly wanted to go to trial. (2 RT 59.) Cline agreed it was a package deal, and that if all the defendants did not sign it, the case would proceed to trial. (2 RT 60.) Cline did not recall appellant ever specifically saying he was in agreement with the deal, but he just eventually agreed to plead with the



other co-defendants. (2 RT 61.)

Appellant's former attorney, Ronald Brahms, testified that there was no yelling or physical intimidation during the meeting. (2 RT 65-66.) Brahms agreed that appellant's position was intially that he wanted to exercise his right to a trial, and Brahms told appellant that whether to plead was his own decision. Brahms did express to appellant his belief that appellant would be convicted of the charges if he went to trial, and that the plea was in appellant's best interest. (2 RT 66.) Brahms agreed that of the three defendants, appellant was the one who most adamantly wanted to go to trial. (2 RT 67-68, 70.) Brahms believed that appellant understood he could go to trial if he wanted to, and understood all the terms of the plea agreement. (2 RT 68-69.) Brahms agreed that after the pleas had been entered, appellant said "he felt he had been tricked by me." (2 RT 71.)

Vincent Garcia, Pender's former attorney, described the meeting as tense, and confirmed Pender's testimony that appellant and Pender were dressed for trial, and Taele was not. (2 RT 78, 87.) When asked if there was yelling, Garcia said: "Well, you know, when you say yelling, I say no. It was not a meeting of the board of directors of Hanover Trust. . . . I was emphatic, and I would take a shorthand way of explaining things that I thought my client would understand. And I was emphatic. Was I yelling in



the sense of raising my voice or yelling at him? No." (2 RT 79.)

Garcia described co-defendant Taele as the "older and perhaps more worldly individual and a man of few words and an individual that one would not trifle with." (2 RT 80.) According to Garcia, Taele's "position was fairly obvious from the beginning that he made analysis of the case and he felt that it was in his interest to plead guilty, although he never really discussed that. It's just that he sat there stone faced and stern and listened." (2 RT 81.)

Appellant, according to Garcia, "was a little more pugnacious, indicating that he wanted to go to trial, and they don't have nothing on me and these kinds of comments." (*Ibid.*)

In advising his client, Garcia said he "virtually guaranteed he would be convicted, armed carjack, and that he'd get a life sentence for that. I told him the likelihood of his confession bleeding over onto the other charges. . . . He would not ever get out of prison. I told him he would die in prison." (2 RT 82.)

Garcia said that after the three attorneys said what they had to say about the plea offer, Taele said, "I'm taking it." (2 RT 84.) Thereafter appellant and Pender had a discussion between themselves that ended with Pender saying, "All right, let's do this," and appellant agreed. (2 RT 84.)

 

Garcia did not remember appellant saying anything more than, "all right," after both the codefendants said they would take the deal. (2 RT 87.)

### 3.    The Trial Court's Ruling

In arguing for the motion, defense counsel pointed out that the standard was whether appellant accepted the agreement by his own free will, or whether his free will was overcome and he gave in to the demands of others. The evidence showed appellant always wanted to go to trial, and that the meeting was inherently coercive. (2 RT 96.) As argued by counsel, appellant was a minor, 16 years old at the time of the meeting, and was placed in a room with an older codefendant who makes it clear he wants to take the deal, and three attorneys whose stated goal of the meeting was to convince appellant to plead guilty. (2 RT 96-98.) Counsel reminded the court that not one of the lawyers could recall appellant ever openly agreeing to the deal, but just that he eventually nodded and said "let's do it." (2 RT 98.) Counsel also reminded the court that later the same day, after the plea had been accepted, appellant accused his lawyer of trickery. (*Ibid.*) Counsel concluded by saying that appellant's free will had been overcome. (2 RT 103.)

The trial rejected the defense arguments. The court noted that all three attorneys denied "yelling" at the defendants during the meeting, and

 

that appellant was a "savvy, streetwise" person who would not "be pressured into doing something against [his] will." (2 RT 107, 109, 111.) The court rejected any argument appellant was intimidated by codefendant Taele, because Taele said "if the others wanted a trial, that was okay with him." (2 RT 111.) The court concluded the defendants had not met their burden by clear and convincing evidence, and denied the motion. (2 RT 112-114.)

**B. A Defendant May Withdraw His Plea Of Guilty Upon A Showing Of Good Cause**

A defendant may move to withdraw a previously entered guilty plea at any time before judgment for good cause. (Pen. Code, § 1018[3].) Good

---

[3] Penal Code section 1018 provides as follows:
"Unless otherwise provided by law, every plea shall be entered or withdrawn by the defendant himself or herself in open court. No plea of guilty of a felony for which the maximum punishment is death, or life imprisonment without the possibility of parole, shall be received from a defendant who does not appear with counsel, nor shall that plea be received without the consent of the defendant's counsel. No plea of guilty of a felony for which the maximum punishment is not death or life imprisonment without the possibility of parole shall be accepted from any defendant who does not appear with counsel unless the court shall first fully inform him or her of the right to counsel and unless the court shall find that the defendant understands the right to counsel and freely waives it, and then only if the defendant has expressly stated in open court, to the court, that he or she does not wish to be represented by counsel. On application of the defendant at any time before judgment or within six months after an order granting probation is made if entry of judgment is suspended, the court may, and in case of a defendant who appeared without counsel at the time of the plea the court shall, for a good cause shown, permit the plea of guilty to be



cause may be demonstrated when a defendant acted under mistake, ignorance, or any other factor, such as duress, fraud, or inadvertence which overcame his exercise of free judgment. When good cause is established by clear and convincing evidence, the defendant should be allowed to withdraw his guilty plea. (*People v. Weaver* (2004) 118 Cal.App.4th 131, 145-146; *People v. Cruz* (1974) 12 Cal.3d 562, 566; *People v. Huricks* (1995) 32 Cal.App.4th 1201, 1207-1208; *People v. Nance* (1991) 1 Cal.App.4th 1453, 1456-1457; *People v. Quesada* (1991) 230 Cal.App.3d 525, 538.)

Good cause to withdraw a plea is shown if the defendant did not exercise free judgment in entering into the plea. (*People v. Cruz, supra*, 12 Cal.3d at p. 566; *People v. Castaneda* (1995) 37 Cal.App.4th 1612, 1617; *People v. Huricks* (1995) 32 Cal.App.4th 1201, 1208.) While pleas are not set aside simply because defendants change their minds, the entry of a plea must be a "'voluntary and intelligent choice among the alternative courses of action open to the defendant.'" (*In re Vargas* (2000) 83 Cal.App.4th 1125, 1133, 1143, quoting *Hill v. Lockhart* (1985) 474 U.S. 52, 56 [106

---

withdrawn and a plea of not guilty substituted. Upon indictment or information against a corporation a plea of guilty may be put in by counsel. This section shall be liberally construed to effect these objects and to promote justice."



S.Ct. 366, 88 L.Ed.2d 203].) When a defendant moves to withdraw his guilty plea, Penal Code section 1018 must be liberally construed to promote justice. (Pen. Code, § 1018; *In re Vargas*, *supra*, 83 Cal.App.4th 1125, 1142.)

When a trial court's denial of the defendant's request exceeds the bounds of reason, it is considered an abuse of discretion and reversal is the remedy. (*Mendieta v. Municipal Court* (1980) 109 Cal.App.3d 290, 294; *People v. Waters* (1975) 52 Cal.App.3d 323, 328; *People v. McDonough* (1961) 198 Cal.App 2d 84, 90.)

**C. Appellant Demonstrated Good Cause For Withdrawal Of His Guilty Plea And The Trial Court's Denial Was An Abuse Of Discretion That Deprived Appellant Of His Most Fundamental Constitutional Rights**

The waiver of a defendant's right to a jury trial is not to be taken lightly. In *People v. Collins* (2001) 26 Cal.4th 297 the California Supreme Court realized it was dealing with "fundamental constitutional right[s] that, although clearly waivable, may be waived only if there is evidence in the record that the decision to do so was knowing, intelligent, and voluntary." (*People v. Collins*, *supra*, at p. 305, fn. 2.) The Court noted that waivers of fundamental constitutional rights may not be accepted by the trial court unless they are "knowing and intelligent, that is, 'made with a full awareness both of the nature of the right being abandoned and the



consequences of the decision to abandon it,' as well as voluntary, 'in the sense that [they are] the product of a free and deliberate choice rather than intimidation, coercion, or deception.' [Citations.]" (*Id.*, at p. 305; italics added.)

There can be no doubt that a guilty plea obtained by coercion denies a defendant his right to due process and requires reversal of his conviction. (*People v. Cahill* (1993) 5 Cal.4th 478, 519-520, citing *Waley v. Johnston* (1942) 316 U.S. 101, 104 [62 S.Ct. 964, 86L.Ed. 1302]; *People v. Wadkins* (1965) 63 Cal.2d 110, 113-114.) The record in this case strongly supports appellant's contention that he went along with the plea agreement not because he was in agreement with the others, but because of the pressure applied by the three attorneys and both codefendants.

In particular, the "package deal" requiring all three to plead together, placed enormous pressure on appellant to go along with what codefendant Taele wanted for himself. Contrary to the trial court's statement that Taele said "if the others wanted a trial, that was okay with him" (2 RT 111), Taele's attorney testified that Taele did not say more than ten words throughout the whole meeting. (2 RT 56.) Rather, according to Mr. Cline, Taele's position "seemed to be, . . . 'I want to take this. But if you guys want to go to trial, I'm there with you.'" (*Ibid.*) In contrast, Mr. Garcia,



Pender's attorney, corroborated appellant's testimony that Taele simply asserted the deal was going to be accepted. According to Mr. Garcia, Taele's "position was fairly obvious from the beginning that he made analysis of the case and he felt that it was in his interest to plead guilty, although he never really discussed that. It's just that he sat there stone faced and stern and listened." (2 RT 81.) At some point during the meeting, according to Mr. Garcia, Taele announced, "I'm taking it." (2 RT 84.)

Appellant only reluctantly agreed to plead guilty after his older gang colleague, described by Garcia as "an individual that one would not trifle with" (2 RT 80), announced that he was taking the deal.

This Court very recently reversed a trial court's denial of a motion pursuant to section 1018 based largely upon the recognition that "package deals" such as the one offered in this case are inherently coercive. In *People v. Sandoval* (June 7, 2006) ___ Cal.App.4th ___, 2006 WL 1545065, this Court discussed the problem as follows:

> *c. The coercive nature of "package-deal" plea bargains*
> "It has long been established that guilty pleas obtained through 'coercion, terror, inducements, subtle or blatant threats' are involuntary and violative of due process. [Citation.]" (*In re Ibarra* (1983) 34 Cal.3d 277, 287 []



> (*Ibarra*), disapproved on another ground in *People v. Howard* (1992) 1 Cal.4th 1132, 1175-1178 [].) Such coercion is a particular danger in the package-deal plea bargain context. In *Ibarra*, the California Supreme Court discussed the coercive nature of "package-deal" plea bargains:
>
> 'Package-deal' plea bargains . . . may approach the line of unreasonableness. Extraneous factors not related to the case or the prosecutor's business may be brought into play. For example, a defendant may fear that his wife will be prosecuted and convicted if he does not plead guilty; or, a defendant may fear, as alleged in this case, that his codefendant will attack him if he does not plead guilty. Because such considerations do not bear any direct relation to whether the defendant himself is guilty, special scrutiny must be employed to ensure a voluntary plea. '[P]lea bargaining of adverse or lenient treatment for some person other than the accused . . . might pose a greater danger of inducing a false guilty plea. . . . ' [Citation.]" (*Ibarra, supra*, 34 Cal.3d at p. 287 [].)

(*People v. Sandoval, supra*, 2006 WL 1545065 at *8-9.)

This Court in *Sandoval* discussed the Supreme Court's requirement in *Ibarra* that the trial court give particular scrutiny to the "totality of the circumstances whenever a plea is taken pursuant to a 'package-deal' bargain." (*Id.* at * 9, citing *Ibarra, supra*, 34 Cal.3d at p. 288.) As noted by this Court, the Supreme Court "suggested that a plea is likely to be



involuntary if the court finds that a promise of leniency to a third party was a significant consideration in the defendant's decision to plead guilty." (*People v. Sandoval*, *supra*, 2006 WL 1545065 at *9, citing *Ibarra*, *supra*, 34 Cal.3d at pp. 289-290.)

In the instant case, the promise of leniency to a third party was the plea offer that codefendant Taele was determined to accept. Once Pender, who was not unwilling to enter a plea but simply wanted a better deal, decided to take the plea, the pressure on appellant became that much greater. The only reasonable conclusion, on this record, is that appellant's change of mind was largely influenced by Taele's announcement that he was accepting the deal and Pender's subsequent agreement.

The trial court in this case did not carefully scrutinize the facts in light of the "package deal," as required in *Ibarra*, nor ask whether his codefendants' acceptance of the deal was a significant factor in appellant's decision to go along. Indeed, there can be no doubt on this record that appellant would have exercised his constitutional rights if there had not been the pressure of the package deal.

While there is no allegation in this case that appellant's attorney acted on anything other than what he believed was in appellant's best interest, the result was that appellant was coerced into accepting a deal that



he was unwilling to consider right up until moments before he signed the paperwork. As even recognized by the court at the hearing on appellant's motion, "It's my impression from that meeting that that meeting wasn't going to end until all three defendants agrees to plead guilty." (2 RT 102.)

The combined factors of the pressure placed on appellant not only by his own attorney, but also by two other attorneys and an extremely serious older gang member that "one would not trifle with" (2 RT 80), is that appellant unwillingly waived his right to go to trial and fight the charges against him. The totality of the circumstances show by more than clear and convincing evidence that his plea was not voluntary, and his conviction must be reversed and the case remanded with instructions to allow appellant to withdraw his plea.

 

**CONCLUSION**

Based on the foregoing, and the entire record on appeal, appellant respectfully requests that his conviction be reversed, and his case remanded with orders to permit the withdrawal of his guilty plea.

Respectfully submitted,

RUSSELL S. BABCOCK
Attorney for Appellant MERCADO

Dated: June 31, 2006




**CERTIFICATE OF WORD COUNT**

**Re: *People v. Mercado* (D046545)**

I, Mara Mendoza, certify that the word count for Appellant's Opening Brief is 5081 as counted by WordPerfect 9.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: June 15, 2006

MARA MENDOZA

 

## CERTIFICATE OF MAILING

**Re: People v. Mercado (D046545)**

I, the undersigned, certify and declare:

I am over 18 years of age and not a party to this action. My business address is 1400 Sixth Avenue, Ste. 210C, San Diego, CA 92101. I served the APPELLANT'S OPENING BRIEF by placing a true and correct copy thereof in a sealed envelope with postage affixed thereto in the United States mail addressed to:

Office of the Attorney General
110 West A Street, #1100
P.O. Box 85266
San Diego, CA 92101-5622

Appellate Defenders, Inc.
555 W. Beech St, Ste. 300
San Diego, CA 92101

Mr. Peter Liss
Attorney at Law
380 S. Melrose Drive, Suite 301
Vista, CA 92081

Gregory L. Cannon
Cannon & Harris, Attorneys at Law
6046 Cornerstone Court West, Suite 141
San Diego, California 92121-4733

Luis F. Mercado (# V68053)
Deuel Vocational Institution
L-245 P.O. Box 600
Tracy, CA. 95378

Hon. K. Michael Kirkman
County of San Diego
325 S. Melrose Drive
Vista, CA 92083

Office of the District Attorney
County of San Diego
325 S. Melrose Drive
Vista, CA 92083

I then sealed each envelope and placed each for collection and mailing following ordinary business practices. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at San Diego, CA on June 13, 2006

[signature]
MARA MENDOZA

To: Whom it may concern:

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.

Executed at Vista, Ca on December 18, 2007

Jolene Mattocks
Folene Mattocks

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

Sacramento Clerk's Office
501 "I" Street , Suite 4-200
Sacramento, CA 95814
916-930-4000

Fresno Clerk's Office
2500 Tulare Street , Suite 1501
Fresno, CA 93721
559-499-5600

**January 24, 2008**

**Case Number: 1:08-CV-00113-LJO-TAG**

**Case Title: LUIS FITA MERCADO, vs. JAMES WALKER,**

**Dear Litigant,**

**You are hereby notified that the above case number has been assigned to your action. You are to include it on all correspondence (e.g., letters, filings, and inquiries) sent to the court. Failure to do so results in delayed processing of your documents.**

**All matters in this action shall be sent to the following address until further notice:**

**Office of the Clerk**
**United States District Court**
**Eastern District of California**
**2500 Tulare Street , Suite 1501**
**Fresno, CA 93721**

**For timely processing of your filings or correspondence, please comply with our Local Rules of Court, in particular:**

**Local Rule 5-133 (modified) You are not required to send this court an original plus one copy of all documents submitted for filing (e.g., pleadings, motions, correspondence, etc.). You are only required to send this court the original for filing. No extra copies are required. However, if you desire to receive a conformed copy for your records, you must send the original plus one (1) copy and a pre-addressed postage-paid envelope for us to return your copy to you.**

**Local Rules 30-250, 33-250, 34-250 and 36-250 Discovery requests or responses should not be submitted to the court unless they are relevant and necessary to support or oppose a motion at issue before the court.**

**Local Rule 5-135 Once the defendant(s) have served a responsive pleading, you are under an ongoing duty to serve them with copies of all documents you submitted to the court. A proof of service shall be attached to the original of any document lodged or filed with the court, showing the date, manner and place of service. A sample proof of service is attached.**

Local Rule 7-130 (modified) Documents submitted to this court may be either typewritten or handwritten but must be legible, and writing shall be on one (1) side of the page only.

Local Rule 7-132 Every document submitted to the court must include your name, address and prisoner identification number in the upper left hand corner of the first page.

Local Rules 83-182 Each party appearing in propria persona is under a continuing duty to notify the Clerk and all other parties of any change of address by filing separate notice; absent such notice, service at prior address shall be fully effective. A sample Notice of Change of Address form is attached.

Other Provisions:

A complete copy of the Local Rules should be available in the prison library. We do not provide individual copies to litigants.

Request for Case Status The court will notify you as soon as any action is taken in your case. Due to the large number of civil actions pending before the court, THE CLERK IS UNABLE TO RESPOND IN WRITING TO INDIVIDUAL INQUIRES REGARDING THE STATUS OF YOUR CASE. As long as you keep the court apprised of your current address, you will receive all court decisions which might affect the status of your case.

Copy Work The Clerk's Office does not provide copies of documents to parties. Copies of documents may be obtained from the Attorney's Diversified Service (ADS) by writing to them at: 741 N. Fulton Street, Fresno CA 93728, or by phoning 800-842-2695. The court will provide copies of docket sheets at $0.50 per page. Note: In Forma Pauperis status does not include the cost of copies.

Proposed Orders Parties are not required to submit a proposed order when filing a motion. If a proposed order is submitted, the court may disregard the order and prepare its own order.

As noted, the requirements set forth in Local Rule 5-135 and 7-130 have been modified in this letter. These modifications apply to civil rights and habeas cases filed in the Fresno Division of the Eastern District of California by prisoners proceeding pro se (without counsel).

Victoria C. Minor
Clerk of Court
United States District Court

by: /s/ C. Esteves

Deputy Clerk

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

______________________________

v. **Case Number:**

______________________________

**PROOF OF SERVICE**

______________________________

**I hereby certify that on ______________________, I served a copy of the attached ______________________________________________, by placing a copy in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the United States Mail at**

______________________________:

**(List Name and Address of Each Defendant or Attorney Served)**

**I declare under penalty of perjury that the foregoing is true and correct.**

______________________________

**(Signature of Person Completing Service)**

**Name:**____________________________

**I.D. #:**____________________________

**Address** ____________________________

__________________________________

__________________________________

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

__________________________________
(Plaintiff/Petitioner)

v. **Case Number:**

__________________________________
(Defendant(s)/Respondent)

**NOTICE OF CHANGE OF ADDRESS**

________________________________________/

**PLEASE TAKE NOTICE THAT (print name)** __________________________________

**hereby submits a notice of change of address in the above – entitled case as follows:**

**OLD ADDRESS:** ________________________________________________________

________________________________________________________

**NEW ADDRESS:** ________________________________________________________

________________________________________________________

DATED: _______________________ ______________________________________
**Signature of Plaintiff/Petitioner**

**YOU MUST FILE AN ORIGINAL CHANGE OF ADDRESS FORM IN EACH OF YOUR OPEN CASES**

**NOTICE OF AVAILABILITY OF A MAGISTRATE JUDGE**

**TO EXERCISE JURISDICTION AND APPEAL INSTRUCTIONS**

You are hereby notified in accordance with 28 U.S.C §636(c), F.R.Civ.P.73 and Local Rule 73−305, the United States Magistrate Judges sitting in Sacramento and Fresno are available to exercise the court's case dispositive jurisdiction and to conduct any or all case despositive proceedings in this action, including motions to dismiss, motions for summary judgment, a jury or nonjury trial, and entry of a final judgment. Exercise of this jurisdiction by a Magistrate Judge is however, permitted only if all parties voluntarily consent. You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's case dispositive jurisdiction from being exercised by a Magistrate Judge.

Any appeal from a judgment entered by a Magistrate Judge is taken directly to the United States Court of Appeals for the Ninth Circuit or, where appropriate, for the Federal Circuit in the same manner as an appeal from any other judgment of a District Court.

Whether or not the parties consent to pursuant to 28 U.S.C. § 636(c) the assigned Magistrate Judge will hear all motions except those case dispositive motions set forth in 28 U.S.C. § 636(b)(1)(A).

A copy of the Form for "Consent to / Decline of Jurisdiction of United States Magistrate Judge" is attached hereto for pro per use and attorney information. This form is available in fillable .pdf format on the court's web site at www.caed.uscourts.gov for all attorney ECF filers. This form may be filed through CM/ECF or by pro se litigants at the appropriate Clerk's Office location.

Office of the Clerk
501 I Street, Room 4−200
Sacramento, CA 95814

Office of the Clerk
2500 Tulare Street , Suite 1501
Fresno, CA 93721

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

**LUIS FITA MERCADO,**
Plaintiff(s)/Petitioner(s),

vs.

CASE NO. **1:08-CV-00113-LJO-TAG**

**JAMES WALKER,**
Defendant(s)/Respondents(s).

**IMPORTANT**
**IF YOU CHOOSE TO CONSENT OR DECLINE TO CONSENT TO JURISDICTION OF A UNITED STATES MAGISTRATE JUDGE, CHECK AND SIGN THE APPROPRIATE SECTION OF THIS FORM AND RETURN IT TO THE CLERK'S OFFICE.**

☐ **CONSENT TO JURISDICTION OF UNITED STATES MAGISTRATE JUDGE**

In accordance with the provisions of Title 28, U.S.C Sec. 636(c)(1), the undersigned hereby voluntarily consents to have a United States Magistrate Judge conduct all further proceedings in this case, including trial and entry of final judgment, with direct review by the Ninth Circuit Court of Appeals, in the event an appeal is filed.

Date: ____________________ Signature: ________________________________

Print Name: ________________________________
( ) Plaintiff/Petitioner ( ) Defendant/Respondent
( ) Counsel for *____________________________

☐ **DECLINE OF JURISDICTION OF UNITED STATES MAGISTRATE JUDGE**

Pursuant to Title 28, U.S.C. Sec 636(c)(2), the undersigned acknowledges the availability of a United States Magistrate Judge but hereby declines to consent.

Date: ____________________ Signature: ________________________________

Print Name: ________________________________
( ) Plaintiff/Petitioner ( ) Defendant/Respondent
( ) Counsel for *____________________________

***If representing more than one party, counsel must indicate name of each party responding.***

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

FILED
JAN 3 0 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

2254 1983
FILING FEE PAID
Yes ✓ No
IFP MOTION FILED
Yes No
COPIES SENT TO
Court Pro Se

**I (a) PLAINTIFFS**

Luis Fita Mercado

**DEFENDANTS**

James Walker

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Kern
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Luis Fita Mercado
V-68053
PO Box 71
Represa, CA 95671

**ATTORNEYS (IF KNOWN)**

'08 CV 0209 IEG CAB

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX (For Diversity Cases Only) FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

28 U.S.C. 2254

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

**CONTRACT**
- ☐ 110 Insurance
- ☐ Marine
- ☐ Miller Act
- ☐ Negotiable Instrument
- ☐ 150 Recovery of Overpayment &Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153Recovery of Overpayment of Veterans Benefits
- ☐ 160 Stockholders Suits
- ☐ Other Contract
- ☐ 195 Contract Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectmant
- ☐ 240 Tort to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury- Medical Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus
- ☒ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710Fair Labor Standards Act
- 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc.
- ☐ Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (13958)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS - Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reappointment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities Exchange
- ☐ 875 Customer Challenge 12 USC
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State
- ☐ 890 Other Statutory Actions

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

- ☐ 1 Original Proceeding
- ☐ 2 Removal from State Court
- ☐ 3 Remanded from Appelate Court
- ☐ 4 Reinstated or Reopened
- ☒ 5 Transferred from another district (specify) EASTERN CA
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23

**DEMAND $**

Check YES only if demanded in complaint:
**JURY DEMAND:** ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):** JUDGE Docket Number

DATE 1/30/2008

~~SIGNATURE OF ATTORNEY OF RECORD~~
