# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS FITA MERCADO,<br><br>        Petitioner,<br><br>v.<br><br>JAMES WALKER, Warden,<br><br>        Respondent. | Civil No.   08-0209 IEG (CAB)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

Petitioner, a state prisoner proceeding pro se, has submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, and paid the filing fee.

**FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM**

In accordance with Rule 4 of the rules governing § 2254 cases, the Petition must be dismissed because Petitioner has failed to allege that his state court conviction or sentence violates the Constitution of the United States.

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in <u>violation of the Constitution or laws or treaties of the United States.</u>

28 U.S.C. § 2254(a) (emphasis added). See <u>Hernandez v. Ylst</u>, 930 F.2d 714, 719 (9th Cir. 1991); <u>Mannhalt v. Reed</u>, 847 F.2d 576, 579 (9th Cir. 1988); <u>Kealohapauole v. Shimoda</u>, 800

1  F.2d 1463, 1464-65 (9th Cir. 1986). Thus, to present a cognizable federal habeas corpus claim
2  under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of
3  a State court," <u>and</u> that he is in custody in "violation of the Constitution or laws or treaties of the
4  United States." <u>See</u> 28 U.S.C. § 2254(a).

5       Here, Petitioner claims that the trial court violated his rights "because my attorney and
6  my co-defendants attorney with my co-defendant and myself were put into a meeting that wasn't
7  suppose to happen on day one of the trial. I was deceived and or coerced and acted by mistak
8  to take a plea bargain deal." (Pet. at 5.) In no way does Petitioner claim he is "in custody in
9  violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254.

10      Further, the Court notes that Petitioner cannot simply amend his Petition to state a federal
11 habeas claim and then refile the amended petition in this case. He must exhaust state judicial
12 remedies before bringing his claims via federal habeas. State prisoners who wish to challenge
13 their state court conviction must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c);
14 <u>Granberry v. Greer</u>, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a
15 California state prisoner must present the California Supreme Court with a fair opportunity to
16 rule on the merits of every issue raised in his or her federal habeas petition. <u>See</u> 28 U.S.C.
17 § 2254(b), (c); <u>Granberry</u>, 481 U.S. at 133-34. Moreover, to properly exhaust state court judicial
18 remedies a petitioner must allege, <u>in state court</u>, how one or more of his or her federal rights
19 have been violated. The Supreme Court in <u>Duncan v. Henry</u>, 513 U.S. 364 (1995) reasoned:
20 "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal
21 rights, they must surely be alerted to the fact that the prisoners are asserting claims <u>under the</u>
22 <u>United States Constitution</u>." <u>Id.</u> at 365-66 (emphasis added). For example, "[i]f a habeas
23 petitioner wishes to claim that his plea was involuntary in violation of <u>due process of law</u>
24 <u>guaranteed by the Fourteenth Amendment</u>, he must say so, not only in federal court, but in state
25 court." <u>Id.</u> (emphasis added).
26 / / /
27 / / /
28 / / /

Additionally, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (Act), signed into law on April 24, 1996, a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D) (West Supp. 2002).

The Court also notes that the statute of limitations does not run while a properly filed state habeas corpus petition is pending.  28 U.S.C. § 2244(d)(2); see Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), cert. denied, 529 U.S. 1104 (2000).  But see Artuz v. Bennett, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings.").  However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending.  Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

## CONCLUSION

Based on the foregoing, the Court **DISMISSES** this action without prejudice and with leave to amend because Petitioner has failed to state a cognizable federal claim.  To have this

/ / /

/ / /

/ / /

1  case reopened, Petitioner must, **no later than April 11, 2008**, file a First Amended Petition that
2  cures the pleading deficiencies set forth above. *For Petitioner's convenience, the Clerk of Court*
3  *shall attach to this Order, a blank First Amended Petition form.*
4  **IT IS SO ORDERED.**

6  DATED: February 13, 2008

**IRMA E. GONZALEZ, Chief Judge**
United States District Court